IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| THOMAS E. LIPAR; LIPAR GROUP, INC.; | § | CIVIL ACTION NO. H-10-1904 |
| LGI LAND, LLC; LGI GP, LLC; | § | |
| LGI DEVELOPMENT; JESSE VALERIANO; | § | |
| JTI CONTRACTORS, INC; and | § | |
| JTI CONSTRUCTION, INC., | § § | |
| *Defendants.* | § | JURY TRIAL DEMANDED |

**DEFENDANTS THOMAS E. LIPAR, LIPAR GROUP, INC. LGI LAND, LLC,
LGI GP, LLC AND LGI DEVELOPMENT'S ORIGINAL ANSWER**

Defendant Thomas E. Lipar ("Lipar") and Defendants Lipar Group, Inc., LGI Land, LLC, LGI GP, LLC, and LGI Development (collectively "LGI") [Lipar and LGI are collectively referred to herein as the "Lipar Defendants"], hereby answer the Plaintiff's Complaint (the "Complaint") as follows:

**INTRODUCTION**

Defendant Lipar is the owner of a number of real estate development companies, including Defendants Lipar Group, Inc., LGI Land, LLC, and LGI GP, LLC. LGI developed Benders Landing Estates and Lake Windcrest, two residential subdivisions located in Montgomery County, Texas between 1997 and the present date. As part of the development and construction activities, LGI moved dirt and other fill materials within Benders Landing Estates and the Lake Windcrest tract. LGI did not discharge this dirt or other fill material into any protected waters of the United States.

The United States Environmental Protection Agency ("EPA"), through extraordinarily generalized allegations within the Complaint, contends that LGI's activities resulted in the discharge of "pollutants" under the Clean Water Act into protected waters of the United States. EPA is wrong. There are no protected waters of the United States on the Benders Landing Estates site, and, therefore, none of LGI's development activities: (1) required a permit pursuant to the Clean Water Act, or (2) violated the anti-pollution provisions of the Clean Water Act. Furthermore, the Lipar Defendants did not discharge any pollutants into protected waters of the United States at the Lake Windcrest Site.

EPA's overreaching attempt to regulate activities that are clearly outside of its jurisdiction (namely, isolated wetlands and non-navigable waters that are not "navigable waters" of the United States) offends the constitutional limitations on EPA's ever-expanding authority as well as the protections afforded to LGI as a private landowner. EPA's complaints fail as a matter of law.

## RESPONSE TO ALLEGATIONS AND COMPLAINT

## NATURE OF THE ACTION

1. Lipar Defendants admit Paragraph 1 of the Complaint in part, but deny any violation of the Clean Water Act, deny they discharged any pollutants into waters of the United States, and deny any failure to comply with administrative orders in violation of the Clean Water Act.

2. Lipar Defendants admit Paragraph 2 of the Complaint, but deny Plaintiff is entitled to any relief.

**JURISDICTION AND VENUE**

3.  Lipar Defendants deny Paragraph 3 of the Complaint. In particular, the activities that form the basis of Plaintiff's Complaint did not impact or reach navigable waters of the United States and adjoining shorelines. As a result, no subject matter jurisdiction exists under the Clean Water Act to bring this action.

4.  Lipar Defendants admit that, if there were subject matter jurisdiction to initiate this action, venue would be proper as pled in Paragraph 4 of the Complaint.

5.  Lipar Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint.

**THE PARTIES**

6.  Lipar Defendants deny that subject matter jurisdiction exists in this action. Lipar Defendants otherwise admit Paragraph 6 of the Complaint.

7.  Lipar Defendants admit that Thomas E. Lipar is a private individual, that he conducts business in the Southern District of Texas, and his business address is 19221 I-45 South, Suite 200, Shenandoah, Texas 77385, but deny the remaining allegations contained within Paragraph 7 of the Complaint. Lipar Defendants admit Paragraph 8 of the Complaint.

8.  Lipar Defendants admit Paragraph 8 of the Complaint.

9.  Lipar Defendants admit Paragraph 9 of the Complaint.

10.  Lipar Defendants admit Paragraph 10 of the Complaint.

11.  Lipar Defendants deny Paragraph 11 of the Complaint. LGI Development is not a legal entity conducting business in Texas, nor is it a partnership composed of the entities listed in Paragraph 11.

12. Lipar Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore deny Paragraph 12.

13. Lipar Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore deny Paragraph 13.

14. Lipar Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore deny Paragraph 14.

15. Lipar Defendants deny that LGI Development is a "person" within the meaning of the Clean Water Act, but admit that all other Defendants are "persons" within the meaning of the Clean Water Act.

16. Lipar Defendants admit that LGI has owned or otherwise controlled the property described in the Complaint as the Benders Landing Estates Site since September 27, 2004, except that LGI has sold acreage home sites to private property owners since 2004 and therefore has only owned a portion of the land in question over the referenced time period. Lipar Defendants deny the remaining allegations contained within Paragraph 16 of the Complaint, and the Lipar Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 16 as they pertain to the remaining Defendants.

17. Lipar Defendants admit Paragraph 17 of the Complaint.

## STATUTORY BACKGROUND

18. Lipar Defendants neither admit nor deny the allegations in Paragraph 18 as they are conclusions of law requiring no answer.

19. Lipar Defendants neither admit nor deny the allegations in Paragraph 19 as they are conclusions of law requiring no answer.

20. Lipar Defendants neither admit nor deny the allegations in Paragraph 20 as they are conclusions of law requiring no answer.

21. Lipar Defendants neither admit nor deny the allegations in Paragraph 21 as they are conclusions of law requiring no answer.

22. Lipar Defendants neither admit nor deny the allegations in Paragraph 22 as they are conclusions of law requiring no answer.

23. Lipar Defendants neither admit nor deny the allegations in Paragraph 23 as they are conclusions of law requiring no answer.

24. Lipar Defendants neither admit nor deny the allegations in Paragraph 24 as they are conclusions of law requiring no answer.

25. Lipar Defendants neither admit nor deny the allegations in Paragraph 25 as they are conclusions of law requiring no answer.

26. Lipar Defendants neither admit nor deny the allegations in Paragraph 26 as they are conclusions of law requiring no answer.

27. Lipar Defendants neither admit nor deny the allegations in Paragraph 27 as they are conclusions of law requiring no answer.

28. Lipar Defendants neither admit nor deny the allegations in Paragraph 28 as they are conclusions of law requiring no answer.

## **GENERAL ALLEGATIONS**

29. Lipar Defendants deny Paragraph 29 of the Complaint.

30. Lipar Defendants deny Paragraph 30 of the Complaint.

31.     Lipar Defendants admit that one or more of the defendants used mechanized land-clearing and earth-moving equipment during their construction and development operations at Benders Landing Estates.  Lipar Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint as they pertain to the Lake Windcrest Site.  Lipar Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 as they pertain to the remaining Defendants and therefore deny the remaining allegations contained within Paragraph 31 of the Complaint.

32.     Lipar Defendants admit that they did not obtain a Section 404 permit from the Secretary of the Army for activities that occurred within the Benders Landing Estates site, but deny that they were ever required to obtain such a Section 404 permit because they never discharged any dredged or fill materials into navigable waters of the United States as alleged in Paragraph 32 of the Complaint.  Lipar Defendants deny the remaining allegations contained within Paragraph 32 of the Complaint.  Furthermore, the Lipar Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 as they pertain to the remaining defendants and therefore deny the remaining allegations contained within Paragraph 32 of the Complaint.

33.     Lipar Defendants deny Paragraph 33 of the Complaint.

34.     Lipar Defendants deny Paragraph 34 of the Complaint.

35.     Lipar Defendants deny that LGI Development is a "person" within the meaning of the Clean Water Act, but admit that all other defendants are "persons" within the meaning of the Clean Water Act.

36.     Lipar Defendants deny Paragraph 36 of the Complaint.

37.     Lipar Defendants deny Paragraph 37 of the Complaint.

38. Lipar Defendants admit Paragraph 38 of the Complaint.

39. Lipar Defendants admit Paragraph 39 of the Complaint.

40. Lipar Defendants admit Galveston Bay and the Gulf of Mexico are waters of the United States, but deny the remaining allegations contained within Paragraph 40 of the Complaint.

41. Lipar Defendants deny Paragraph 41 of the Complaint.

42. Lipar Defendants deny Paragraph 42 of the Complaint.

43. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 42 as if fully set forth herein.

44. Lipar Defendants deny Paragraph 44 of the Complaint.

45. Lipar Defendants deny Paragraph 45 of the Complaint.

46. Lipar Defendants deny Paragraph 46 of the Complaint.

47. Lipar Defendants deny Paragraph 47 of the Complaint.

48. Lipar Defendants deny Paragraph 48 of the Complaint.

49. Lipar Defendants deny Paragraph 49 of the Complaint.

50. Lipar Defendants deny Paragraph 50 of the Complaint.

51. Lipar Defendants deny Paragraph 51 of the Complaint.

52. Lipar Defendants deny Paragraph 52 of the Complaint.

53. Lipar Defendants deny Paragraph 53 of the Complaint.

54. Lipar Defendants deny Paragraph 54 of the Complaint.

55. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 54 as if fully set forth herein.

56. Lipar Defendants deny Paragraph 56 of the Complaint.

57. Lipar Defendants deny Paragraph 57 of the Complaint.

58. Lipar Defendants deny Paragraph 58 of the Complaint.

59. Lipar Defendants deny Paragraph 59 of the Complaint.

60. Lipar Defendants deny Paragraph 60 of the Complaint.

61. Lipar Defendants deny Paragraph 61 of the Complaint.

62. Lipar Defendants deny Paragraph 62 of the Complaint.

63. Lipar Defendants deny Paragraph 63 of the Complaint.

64. Lipar Defendants deny Paragraph 64 of the Complaint.

65. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 64 as if fully set forth herein.

66. Lipar Defendants deny Paragraph 66 of the Complaint.

67. Lipar Defendants deny Paragraph 67 of the Complaint.

68. Lipar Defendants deny Paragraph 68 of the Complaint.

69. Lipar Defendants deny Paragraph 69 of the Complaint.

70. Lipar Defendants deny Paragraph 70 of the Complaint.

71. Lipar Defendants deny Paragraph 71 of the Complaint.

72. Lipar Defendants deny Paragraph 72 of the Complaint.

73. Lipar Defendants deny Paragraph 73 of the Complaint.

74. Lipar Defendants deny Paragraph 74 of the Complaint.

75. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 74 as if fully set forth herein.

76. Lipar Defendants deny Paragraph 76 of the Complaint.

77. Lipar Defendants deny Paragraph 77 of the Complaint.

78. Lipar Defendants deny Paragraph 78 of the Complaint.

79. Lipar Defendants deny Paragraph 79 of the Complaint.

80. Lipar Defendants deny Paragraph 80 of the Complaint.

81. Lipar Defendants deny Paragraph 81 of the Complaint.

82. Lipar Defendants deny Paragraph 82 of the Complaint.

83. Lipar Defendants deny Paragraph 83 of the Complaint.

84. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 83 as if fully set forth herein.

85. Lipar Defendants deny Paragraph 85 of the Complaint.

86. Lipar Defendants deny Paragraph 86 of the Complaint.

87. Lipar Defendants deny Paragraph 87 of the Complaint.

88. Lipar Defendants deny Paragraph 88 of the Complaint.

89. Lipar Defendants deny Paragraph 89 of the Complaint.

90. Lipar Defendants deny Paragraph 90 of the Complaint.

91. Lipar Defendants deny Paragraph 91 of the Complaint.

92. Lipar Defendants deny Paragraph 92 of the Complaint.

93. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 92 as if fully set forth herein.

94. Lipar Defendants deny Paragraph 94 of the Complaint.

95. Lipar Defendants deny Paragraph 95 of the Complaint.

96. Lipar Defendants deny Paragraph 96 of the Complaint.

97. Lipar Defendants deny Paragraph 97 of the Complaint.

98. Lipar Defendants deny Paragraph 98 of the Complaint.

99. Lipar Defendants deny Paragraph 99 of the Complaint.

100. Lipar Defendants deny Paragraph 100 of the Complaint.

101. Lipar Defendants deny Paragraph 101 of the Complaint.

102. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 101 as if fully set forth herein.

103. Lipar Defendants deny Paragraph 103 of the Complaint.

104. Lipar Defendants deny Paragraph 104 of the Complaint.

105. Lipar Defendants deny Paragraph 105 of the Complaint.

106. Lipar Defendants deny Paragraph 106 of the Complaint.

107. Lipar Defendants deny Paragraph 107 of the Complaint.

108. Lipar Defendants deny Paragraph 108 of the Complaint.

109. Lipar Defendants deny Paragraph 109 of the Complaint.

110. Lipar Defendants deny Paragraph 110 of the Complaint.

111. Lipar Defendants deny Paragraph 111 of the Complaint.

112. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 111 as if fully set forth herein.

113. Lipar Defendants deny Paragraph 113 of the Complaint.

114. Lipar Defendants deny Paragraph 114 of the Complaint.

115. Lipar Defendants deny Paragraph 115 of the Complaint.

116. Lipar Defendants deny Paragraph 116 of the Complaint.

117. Lipar Defendants deny Paragraph 117 of the Complaint.

118. Lipar Defendants deny Paragraph 118 of the Complaint.

119. Lipar Defendants deny Paragraph 119 of the Complaint.

120. Lipar Defendants deny Paragraph 120 of the Complaint.

121. Lipar Defendants deny Paragraph 121 of the Complaint.

122. Lipar Defendants deny Paragraph 122 of the Complaint.

123. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 122 as if fully set forth herein.

124. Lipar Defendants admit Paragraph 124 of the Complaint.

125. Lipar Defendants admit Paragraph 125 of the Complaint.

126. Lipar Defendants deny Paragraph 126 of the Complaint.

127. Lipar Defendants deny Paragraph 127 of the Complaint.

128. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 127 as if fully set forth herein.

129. Lipar Defendants admit Paragraph 129 of the Complaint.

130. Lipar Defendants admit Paragraph 130 of the Complaint.

131. Lipar Defendants deny Paragraph 131 of the Complaint.

132. Lipar Defendants deny Paragraph 132 of the Complaint.

133. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 132 as if fully set forth herein.

134. Lipar Defendants admit Paragraph 134 of the Complaint.

135. Lipar Defendants admit Paragraph 135 of the Complaint.

136. Lipar Defendants deny Paragraph 136 of the Complaint.

137. Lipar Defendants deny Paragraph 137 of the Complaint.

138. Lipar Defendants re-assert and re-allege the admissions, denials, and responses in the preceding Paragraphs 1 through 137 as if fully set forth herein.

139. Lipar Defendants admit Paragraph 139 of the Complaint.

140. Lipar Defendants admit Paragraph 140 of the Complaint.

141. Lipar Defendants deny Paragraph 141 of the Complaint.

142. Lipar Defendants deny Paragraph 142 of the Complaint.

143. Lipar Defendants deny Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

144. Plaintiff's action exceeds the constitutional authority provided under the Commerce Clause or other provisions of the United States Constitution.

145. Plaintiff's action exceeds the statutory authority granted by Congress under the Clean Water Act and/or the Debt Collection Improvement Act of 1996 in that any activities undertaken by the Lipar Defendants did not reach or impact any "navigable waters" of the United States and adjoining shorelines as defined under 33 U.S.C. § 1362(7), and 40 C.F.R. § 232.2.

146. Plaintiff's Complaint fails because the definition of navigable waters of the United States is unconstitutionally vague as it applies to the allegations in the Complaint.

147. Plaintiff's Complaint fails to state claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

148. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

149. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

150. Plaintiff's claims are barred in whole and in part by the doctrine of estoppel.

151. Plaintiff's claims are barred in whole and in part by the doctrine of waiver.

152. Plaintiff is not entitled to any equitable relief sought in its Complaint because such claims are barred from recovery under the equitable doctrine of unclean hands.

153. The actions or omissions of third parties over whom the Lipar Defendants had no control were the cause of the alleged violations and the Lipar Defendants exercised due care in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of third parties.

154. Plaintiff is not entitled to any recovery in this matter because Plaintiff failed to take steps to mitigate its damages, if any.

155. Plaintiff is not entitled to any recovery because Plaintiff's prosecution and allegations against the Lipar Defendants are arbitrary and capricious.

156. Plaintiff failed to join parties needed for a just adjudication and in whose absence this action should not proceed.

157. Plaintiff is not entitled to any recovery of costs, fines, penalties and/or fees as alleged, or a declaratory judgment against the Lipar Defendants under the Clean Water Act because such a declaration would be premature and is barred under the doctrine of ripeness.

158. If the Lipar Defendants are found liable under the Clean Water Act as alleged, which the Lipar Defendants deny, the Lipar Defendants' liability is limited to its fair, equitable, and proportionate share of any costs, fines, penalties and/or fees incurred, taking into account, among other things: (a) the liability of third parties, and (b) the Lipar Defendants' right to any type of contribution, set-off, and/or recoupment.

Respectfully submitted,

*/s/ Casey T. Wallace*
Casey T. Wallace
Attorney-In-Charge
State Bar No. 00795827
Federal ID No. 20117
HAYNES AND BOONE, LLP
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
(713) 547-2516 (telephone)
(713) 236-5695 (facsimile)

ATTORNEY FOR DEFENDANTS
THOMAS E. LIPAR; LIPAR GROUP,
INC.; LGI LAND, LLC; LGI GP, LLC; and
LGI DEVELOPMENT

OF COUNSEL:

Lawrence D. Finder
State Bar No. 07007200
Federal I.D. No. 602
HAYNES AND BOONE, LLP
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
(713) 547-2006 (Telephone)
(713) 236-5520 (Facsimile)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing *Defendants' Original Answer* has been served on all counsel of record, as indicated below, in accordance with the Federal Rules of Civil Procedure on this ninth day of July 2010.

| | |
|---|---|
| Ms. Heather E. Gange | Ms. Michele L. Walter |
| United States Department of Justice | United States Department of Justice |
| Environmental Defense Section | Environmental Defense Section |
| P.O. Box 23986 | P.O. Box 23986 |
| Washington, D.C.  20026-3986 | Washington, D.C.  20026-3986 |
| E-mail: heather.gange@usdoj.gov | E-mail: michele.walter@usdoj.gov |

*/s/ Casey T. Wallace*
Casey T. Wallace