United States District Court
Southern District of Texas
FILED

DEC 3 0 2016

David J. Bradley, Clerk of Court

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20625

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                Plaintiff - Appellant Cross-Appellee

v.

THOMAS E. LIPAR; JESSE VALERIANO;
LIPAR GROUP, INCORPORATED; LGI LAND, L.L.C.;
LGI GP, L.L.C.; LGI DEVELOPMENT;
JTI CONTRACTORS, INCORPORATED;
JTI CONSTRUCTION, INCORPORATED,

                Defendants - Appellees Cross-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1904

Before JONES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

    Despite having before it a lengthy and detailed summary judgment record, including thousands of pages of exhibits, the district court issued an eight-page opinion, of which three pages dealt with sanctions against the government, and only five pages with whether the land in question constituted

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20625

"waters of the United States." 33 U.S.C. §1362(7). The district court's opinion is bereft of citations to record evidence and provides this court virtually no guidance as to how the court applied the facts to the law. The court did not explain its conclusion that none of the seven particular tracts nor the alleged streambed are wetlands under either the "contiguous" theory adopted by the *Rapanos* plurality or the "nexus" theory of Justice Kennedy. *See Rapanos v. United States*, 547 U.S. 715, 126 S. Ct. 2208 (2006). The opinion consists almost entirely of conclusory statements and factually unilluminating analogies. Because we are unable to perform our appellate review function without a better understanding of the court's reasoning and the basis on which it evaluated the facts, we REVERSE and REMAND to the district court for clarification of its ruling.

Thomas Lipar and Jesse Valeriano (collectively with other defendants, "Lipar") are real estate developers who began developing two parcels of land (Lake Windcrest and Benders Landing) in 2004. The parcels, located roughly in the northern suburbs of Houston, Texas, are about twenty miles apart from each other. In 2007, the Environmental Protection Agency (EPA) took an interest in Benders Landing and Lake Windcrest and began investigating possible Clean Water Act (CWA) violations. The EPA eventually issued multiple cease and desist orders to stop Lipar from discharging dredged and/or fill material into "waters of the United States." In 2010, the Department of Justice sued Lipar alleging that Lipar discharged pollutants in violation of the Clean Water Act, 33 U.S.C. § 1319(b), (d), at both Benders Landing and Lake Windcrest and that Lipar violated the four EPA cease and desist orders. At the outset of the litigation, the district court ordered the government to produce every document it had about the property, imposed substantial discovery limitations, issued orders prohibiting discovery without prior court

2

No. 15-20625

approval and prohibited the EPA from visiting Benders Landing or Lake Windcrest.

In 2011, Lipar moved for sanctions and summary judgment. The government filed no cross-motion for summary judgment. The district court held a hearing in April 2011, at which both of Lipar's motions were taken up although the parties had not been notified that the summary judgment motion would be heard. In May 2012, the government asked the district court to allow its expert witnesses to inspect the sites at both Benders Landing and Lake Windcrest in preparation for trial. The court denied that motion in June 2012. Finally, in August 2015 the district court produced the eight-page opinion that granted summary judgment to the Lipar defendants and then assessed attorneys' fees as a sanction against the government for its "intractable, uncooperative, and defiant" behavior.

The government has appealed on the CWA disposition, while Lipar urges its right immediately to collect the sanction. Three main issues are presented: (1) whether the district court erred in granting summary judgment, (2) whether the court abused its discretion in denying the government site inspections, and (3) whether we have jurisdiction to review the attorneys' fees award.

1.    Because the district court's opinion insufficiently articulates the "basis of its ruling," we remand this issue for further clarification. *See Wright v. Allstate Ins*. Co., 415 F.3d 384, 391 (5th Cir. 2005). Despite the government's having compiled a record that comprises thousands of pages, the district court resolved the analysis of the seven dispersed tracts and an alleged streambed as not falling within the statutory term "waters of the United States" in about five pages of discussion. This was flawed legally and factually.

3

No. 15-20625

"Waters of the United States" has been a disputed term for several decades, and following *Rapanos,* a split decision of the Supreme Court, there still exists a circuit split on the statute's interpretation. Lipar proposed a third plausible interpretation, and the parties' views differ substantially on this fundamental issue. The district court failed to address the varying tests. While the court purported to reject the government's position under either the *Rapanos* plurality or concurring opinions, which would have been a legally permissible approach, its legal analysis does not satisfactorily dispel the government's contention that covered "waters" need only have a "relatively permanent flow" and can be seasonal. *See, e.g., Rapanos,* 126 S. Ct. at 2220-21 and n.5. Instead, "the opinion consists almost entirely of conclusory statements," and shows little evidence of addressing the extensive record relied upon by the government as non-movant. *United States ex rel. Little v. Shell Expl. & Prod. Co.,* 602 F. App'x. 959, 976 (5th Cir. 2015).

Factually, the district court focused on the two properties (Lake Windcrest and Bender's Landing) generally rather than the individual tracts and streambed. Disaggregated, fact-specific appellate review of the ruling as applied to each of the tracts is necessary but has been rendered impossible. Expert opinions, maps, biological data, and aerial surveys were among the voluminous technical evidence submitted by the government. Contrary to its duty to examine the facts in the light most favorable to the non-movant, the district court seems to discount some of this evidence and make credibility decisions adverse to the government.

From our current vantage point, it cannot be determined whether further evaluation of the record and more nuanced legal analysis will reveal material fact issues requiring a jury trial about any or all of the challenged tracts. The Supreme Court has previously held that "[g]iven the circumstances

4

No. 15-20625

of this case and the unclear basis of the District Court's decision, the Court of Appeals should have remanded the case to the District Court for clarification." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S. Ct. 1140, 1144 (2008). Such remand is the prudent course of action in this case.

2.    In view of our remand for further clarification, we do not speculate on whether the court should reconsider and exercise its discretion to permit the government's experts to conduct additional site visits.

3.    Lipar's ostensible cross-appeal is dismissed because the fee order is not ripe. An appeal of an award of attorneys' fees is not ripe until the fees have been reduced to a sum certain. *See Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 433 (5th Cir. 2003) ("It is difficult to imagine how a district court's refusal to award appellate attorney fees before an appeal had even been taken could possibly be declared an error."); *S. Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 131 (5th Cir. 1993) (per curiam). The district court has not yet had an opportunity to determine what those fees are, and the award of fees may have to be reconsidered after further review of the merits of the case. We dismiss this attempted appeal.

For the foregoing reasons, the judgment of the district court is **REVERSED** and **REMANDED** for further proceedings in accordance herewith, and the cross-appeal of the fee determination is **DISMISSED**.